In the Matter of Thomas
L. MONTGOMERY,
Respondent.

No. 82S00–1309–DI–613.

Supreme Court of Indiana.

Feb. 3, 2014.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** *Count 1.* In 2003, Respondent assisted a client in pleading guilty to a felony. In 2006, after the representation had ended, Respondent began a personal relationship with the client. He purchased a gun and gave it to her, knowing that she was a convicted felon.

*Count 2.* In late 2005 or early 2006, Respondent was hired by a creditor to pursue collection of a debt from a person who filed for bankruptcy relief. Respondent falsely informed the creditor that he had filed an adversary proceeding related to the debt in the bankruptcy. As a result, the debt was discharged and the creditor was left with no recourse against the debtor.

*Count 3.* In 2006, Respondent agreed to represent a client in a foreclosure action. He took no action, however, and falsely told the client that the mortgagor had agreed to hold the mortgage proceeding in abeyance. In reliance, the client invested money in the property, which was later sold at a sheriff's sale.

*Count 4.* In 2005, Respondent was hired to defend a client against federal criminal charges. At the request of the client, Respondent allowed an acquaintance of the client's, who was a former federal convict, unsupervised access to Respondent's office and the client's files. Respondent presented his law partners a fee agreement purportedly signed by the client, but the signature was actually forged by the acquaintance. The acquaintance was later convicted of forgery and fraud in connection with the handling of the client's business and personal affairs.

*Count 5.* In 2006, Respondent falsely told his law partners and the chief public defender, who employed him part-time, that he had a life-threatening brain tumor. Respondent's law partners sent a letter to local trial court judges reporting this information. Respondent reviewed and approved the letter before it was sent, knowing that it misrepresented his medical condition.

*Other facts.* In January 2006, Respondent sought treatment for depression and was prescribed Prozac. He then began engaging in uncharacteristic impulsive and apathetic behavior. In August 2006, Respondent underwent a CT scan after a seizure. There was a cyst on his brain, which he was told was not a brain tumor. In September 2006, Respondent was diagnosed with bipolar disorder. His healthcare providers determined that he had suffered a manic episode in response to the Prozac. In December 2006, Respondent became involved with the Indiana Judges and Lawyers Assistance Program ("JLAP"). He has received appropriate treatment for his bipolar disorder, and his mental health and behavior has stabilized. On April 20, 2011, Respondent entered

into a monitoring agreement with JLAP with which he has been compliant.

*Aggravating and mitigating facts.* The parties cite no facts in aggravation. The parties cite the following facts in mitigation: (1) Respondent has no disciplinary history; (2) Respondent's misconduct was not due to a dishonest or selfish motive; and (3) Respondent's misconduct was precipitated, in part, by the misdiagnosis and mistreatment of a mental impairment.

**Violations:** The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.3: Failure to act with reasonable diligence and promptness.

1.4(a)(3): Failure to keep a client reasonably informed about the status of a matter.

5.3(b): Failure to make reasonable efforts to ensure that the conduct of a nonlawyer over whom the lawyer has direct supervisory authority is compatible with the professional obligations of the lawyer.

8.4(b): Committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer.

8.4(c): Engaging in conduct involving dishonesty, fraud, deceit or misrepresentation.

8.4(d): Engaging in conduct prejudicial to the administration of justice.

**Discipline:** The parties propose the appropriate discipline is a one-year suspension without automatic reinstatement. The Court, having considered the submissions of the parties and the unique circumstances of this case, now approves the agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law in this state for a period of not less than one year from the date of this order, without automatic reinstatement, effective immediately.** The Court notes that Respondent has already been suspended since May 2008 for a continuing legal education noncompliance and dues nonpayment. Respondent shall fulfill all the continuing duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the minimum period of suspension, Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, cures all other suspensions, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(4) and (18). Reinstatement is discretionary and requires clear and convincing evidence of the attorney's remorse, rehabilitation, and fitness to practice law. *See* Admis. Disc. R. 23(4)(b).

The costs of this proceeding are assessed against Respondent.

The Clerk is directed to forward a copy of this Order to the parties or their respective attorneys and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.